UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FRANCISCO DE LEON, ROXANNE INGLE,**

  *Plaintiffs*,

v.

**WELLS FARGO BANK, N.A., PATRICIA E. AYALA, THE ESTATE OF RAMIRO AYALA,**

  *Defendants*.

Case No. SA-24-CV-00847-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wells Fargo Bank's Motion to Dismiss for Failure to State a Claim. *ECF No. 9*. Plaintiffs Francisco De Leon and Roxanne Ingle, who are represented by counsel, did not respond.[1] The Court **GRANTS** Wells Fargo's Motion to Dismiss the cause of action asserted against it. The Clerk of Court is directed to terminate Wells Fargo as a Defendant. The case shall proceed against Defendants Patricia Ayala and the Estate of Ramiro Ayala pursuant to the Court's direction of service upon these parties.

### Undisputed Factual Background

On June 3, 2024, Plaintiffs Francisco De Leon and Roxanne Ingle filed suit in Texas state court seeking a Temporary Restraining Order and injunctive relief to prevent a foreclosure sale on property that is the subject of this action. *ECF No. 1-1*. Plaintiffs assert a single cause of action for breach of contract. *Id*. It is not clear from the record whether the Texas court granted a

---

[1] Plaintiff is represented by counsel Gregory Van Cleave.

Temporary Restraining Order. On August 2, 2024, Wells Fargo removed the action to this Court. *ECF No. 1*.

Based upon the allegations in the Original Petition, on March 25, 2013, Patricia Ayala and Ramiro Ayala executed a Loan Agreement and Deed of Trust with Wells Fargo for the purchase of their home, which is the subject property of this suit. *ECF No. 1-1*. No documents reflect Plaintiffs assumed this loan for the Ayalas. Instead, Plaintiffs assert in the Original Petition they entered an agreement with the Ayalas to "informally purchase the property." *ECF No. 1-1*. This informal purchase did not result in Plaintiffs gaining title to the Property. The Ayalas subsequently failed to make payments on their Loan Agreement contract with Wells Fargo, and Wells Fargo proceeded with foreclosure proceedings. *Id*.

Wells Fargo now files this Motion to Dismiss the action against it, arguing Plaintiffs cannot assert a breach of contract cause of action against it as a matter of law because they have no contract with Wells Fargo. Plaintiffs did not file a response to the Motion to Dismiss, although they are represented by counsel.

**Legal Standard**

When a party does not file a timely response to a motion, "the court may grant the motion as unopposed." *See* W.D. Tex. Civ. R. 7(e)(2). The Court may apply this terminal Local Rule to dispositive motions. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, at *2.

Under the circumstances of this case, the Court will examine the merits of Wells Fargo's Motion to Dismiss.

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also

3

referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## Discussion

To state a cause of action for breach of contract, a plaintiff must allege sufficient facts to demonstrate: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014); *Runge v. Raytheon E–Systems, Inc.,* 57 S.W.3d 562, 565 (Tex.App.—Waco [10th Dist.] 2001). A breach of contract cause of action based on a loan agreement must identify the provision breached. *Williams*, 560 F. App'x at 238.

Review of the Petition reveals Plaintiffs, by their own admission, are not a party to the subject Loan Agreement upon which Wells Fargo seeks foreclosure for default. Plaintiffs assert

4

in the Original Petition Wells Fargo breached the Loan Agreement between it and the Ayalas by accepting the Plaintiffs "performance of running behind on their mortgage and the [sic] breached the modified course of conduct by posting the property for sale." Further, "Wells Fargo set the borrower up to fail by allowing the note to fall behind while still accepting once the note became an insurmountable amount they sought to accelerate and foreclose."

Plaintiffs do not provide any allegations or documentation with the Original Petition to show they entered any contract with Wells Fargo related to the subject property. Plaintiffs do admit in the asserted facts that the Loan Agreement is between the Ayalas and Wells Fargo and this subject loan is in default. Plaintiffs do not have standing to assert a breach of contract action on the contract between Wells Fargo and the Ayalas.

The facts as alleged cannot support a breach of contract cause of action against Wells Fargo because Plaintiffs do not have an actionable contract with Wells Fargo. For this reason, any opportunity to amend would be futile. In addition, Wells Fargo's Motion to Dismiss may be granted because Plaintiffs, who are represented by counsel, did not respond to the Motion to Dismiss. *See Hitt,* 561 F.2d at 608–09.

**Jurisdiction Review**

Review of the Original Petition reveals Plaintiffs assert they and Co-Defendants Patricia Ayala and the Estate of Ramiro Ayala "are in discussions . . . and will likely be being agreeable to deeding the property over." The record does not reflect Plaintiffs served the Ayala Co-Defendants with notice of this action against them or that the Ayala Co-Defendants agreed to waive service. With the dismissal of Wells Fargo, this action proceeds against the named, but unserved, Ayala Co-Defendants, only.

Review of the Original Petition reveals the presence of the Ayala Co-Defendants in this case destroys this Court's diversity jurisdiction. Given this jurisdiction irregularity, this Court directs Plaintiffs to show cause in writing **on or before November 15, 2024**, why the Court should not dismiss this action for lack of jurisdiction.

**Conclusion**

For the reasons stated, Wells Fargo's Motion to Dismiss the action against it is GRANTED. The Clerk of Court is directed to terminate Wells Fargo as a Defendant.

This Court directs Plaintiffs to show cause in writing **on or before November 15, 2024**, why the Court should not dismiss this action for lack of jurisdiction. If Plaintiff does not file a response this this Court's Show Cause Order, this case will be dismissed for lack of jurisdiction and/or failure to respond to a Show Cause Order.

It is so ORDERED.
SIGNED this 30th day of October, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE